The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of Stipulation 4 that was agreed upon by the parties at oral arguments before the Full Commission.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act at all relevant times.
2. Defendant was a duly qualified self-insured, with N.C. School Board Association as the servicing agent.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff sustained an admittedly compensable injury on June 27, 1996, as a result of which the parties entered into a Form 21 Agreement. Plaintiff has received temporary total disability benefits pursuant to the Form 21 since that time.
5. Plaintiffs average weekly wage was $412.48, which yields a compensation rate of $275.00 per week.
6. The parties stipulated 117 pages of medical reports into evidence.
7. The issues before the Deputy Commissioner were:
 a. What is the extent of plaintiffs injuries as a result of the admittedly compensable accident, and to what medical treatment may he be entitled under the Act?
 b. Whether plaintiff is entitled to compensation as a result of the admittedly compensable injury, which he sustained on June 27, 1996?
8. The only issues on appeal before the Full Commission are the Deputy Commissioners award of an attorney fee to plaintiffs former counsel, Mr. Baker, and the correction to Stipulation 4 to show that plaintiff never returned to work for defendant. The correction to Stipulation 4 was agreed to by defendant.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the admittedly compensable injury, plaintiff was a thirty-seven year old male, who was employed as a mechanic at the school bus garage. Although plaintiff has a high school diploma, he was socially promoted through school and is, in fact, functionally illiterate.
2. On June 27, 1996, he injured his back while lifting a brake drum. Plaintiff reported this injury to Deputy School Superintendent Wendell Hall, who authorized plaintiff to go to his family doctor, Dr. Roy Flood.
3. Dr. Flood ordered diagnostic tests. An MRI showed severe disk and facet degeneration at L4-5, with diffuse disk protrusion asymmetrically left-sided that appeared to be impacting the left L4 nerve root. On July 9, 1996, Dr. Flood referred plaintiff to neurosurgeon Dr. Ira M. Hardy, II, for an evaluation.
4. After reviewing the MRI and conducting a physical examination, Dr. Hardy diagnosed plaintiff with central and left-sided L4-5 disk protrusion with associated facet degenerative arthritis. Physical therapy was ordered and plaintiff was excused from work pending completion of conservative therapy.
5. After plaintiff did not improve with therapy, a lumbar myelogram was ordered. The post-myelogram CT scan revealed a moderate-sized left foraminal superior disc extrusion at L4-5 with mass effect on the left L4 nerve.
6. On September 11, 1996, plaintiff returned to Dr. Hardy following the myelogram and CT scan. As plaintiffs complaints were primarily with back pain and not leg pain, Dr. Hardy recommended an orthopedic evaluation to see if fusion may be needed after disc decompression. Plaintiff was continued out of work.
7. On October 3, 1996, Dr. Scot E. Reeg recommended facet blocks or nerve root blocks, in an effort to isolate plaintiffs source of pain. He did not recommend a fusion at that time.
8. On December 2, 1996, Dr. Hardy performed a partial laminectomy at L5 and posterior interbody fusion using a BAK cage at L4-5. However, following the surgery, plaintiff returned to Dr. Hardy in January of 1997 with complaints of left quadriceps weakness and continuing back discomfort. A lumbar myelogram showed slippage of the left L4-5 BAK cage.
9. On January 27, 1997, Dr. Hardy removed the left BAK cage and Dr. Reeg installed pedicle screws and plates to fuse the area.
10. Defendant retained Corvel to provide medical case management services for plaintiff in 1997. In addition, vocational and rehabilitation services were also provided.
11. Plaintiff is totally and permanently disabled from work as a result of the work-related injury due to his education, training, experience and physical limitations.
12. In September of 1998, Dr. Dipes K. Ray took over Dr. Floods medical practice and began treating the plaintiff. By 1999, Dr. Ray found that plaintiff would benefit from pain management with Dr. Raymond Iglecia, a neuropyschiatrist in Chesapeake, Virginia. As Dr. Ray was unfamiliar with the workers compensation system, he did not seek approval from defendant prior to making the referral for treatment.
13. On June 2, 1999, Dr. Iglecia evaluated plaintiff, finding him depressed and angry at the system which had failed to take care of him. Dr. Iglecia began plaintiff in a thirty-week program of group sessions for pain management. These sessions have provided relief to plaintiffs chronic pain symptoms and behaviors.
14. On January 20, 2000, plaintiff returned to Dr. Hardy for an examination. At that time, Dr. Hardy found that plaintiffs outlook had improved, which he attributed to the participation in Dr. Iglecias program.
15. As a result of the compensable injury, plaintiff has left leg weakness, bladder incontinence, sexual dysfunction, bilateral carpal tunnel syndrome, back pain, and depression.
16. Plaintiff has received medical equipment including, but not limited to, wrist splints, knee brace, back brace, wheelchair, motorized scooter, wheelchair lift for his vehicle, and a cane. From time to time, these items need to be repaired or replaced.
17. Defendant installed a ramp at plaintiffs home, but this renovation was not completed appropriately and is in need of repair. Defendant has also provided a shower seat, which plaintiff paid to be installed. He is entitled to be reimbursed for this expense. However, the shower seat has since rusted and is in need of being replaced.
18. At the time of the hearing before the Deputy Commissioner, defendant had not reimbursed plaintiff for hotel, per diem or mileage expenses.
19. Plaintiffs former attorney Jesse Baker began representing plaintiff on September 3, 1998. Mr. Bakers representation continued through the hearing before the Deputy Commissioner and subsequent taking of depositions of the medical experts. Mr. Baker was removed as plaintiffs counsel by the Deputy Commissioner after the close of the evidentiary record. In her Opinion and Award, Deputy Commissioner Dollar awarded Mr. Baker an attorneys fee of 10% of the compensation awarded plaintiff for the period from September 3, 1998 through the date of the Opinion and Award. Plaintiff appealed the award of attorneys fees to the Full Commission. The Full Commission, in their discretion, have determined that the attorneys fees awarded are reasonable under the circumstances in this case, due to the nature and extent of services provided.
 ***********
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of the compensable injury, the plaintiff is entitled to permanent and total disability compensation at the rate of $275.00 per week continuing for the remainder of his life, or until further Order of the Commission. N.C. GEN. STAT. 97-29.
2. The plaintiff is entitled to have the defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. GEN. STAT. 97-2(19); -25. Plaintiff is entitled to have such medical equipment as he may require to provide relief or lessen his disability. He is further entitled to have said equipment replaced in a timely manner. Plaintiff is also entitled to have defendant pay for the treatment by Dr. Raymond Iglecia.
3. Plaintiffs former counsel, Mr. Baker, is entitled to a reasonable attorneys fee of 10% of the compensation awarded plaintiff. N.C. GEN. STAT. 97-90.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorneys fee herein approved, the defendant shall pay permanent and total disability compensation to the plaintiff at the rate of $275.00 per week for the remainder of his life or until further Order of the Commission.
2. As this was already an admittedly compensable claim when Mr. Baker began representing plaintiff, he is entitled to a reasonable attorneys fee of ten percent of the compensation awarded to plaintiff in paragraph 1 above for the period from September 3, 1998, the date he began representation, through July 24, 2000, the date of the Deputy Commissioners Opinion and Award. These sums are hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. Defendant shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act. This shall include the treatment by Dr. Iglecia, as well as the timely repair and replacement of medical equipment which may be necessary to provide relief or lessen plaintiffs disability.
4. Defendant shall pay the costs, including the expert witness fees in the amount of $600.00 to Dr. Raymond Iglecia and $150.00 to Dr. Dipes K. Ray.
5. IT IS FURTHER ORDERED that Jesse Baker is removed as counsel of record for the plaintiff, effective 24 July 2000, the date of the filing of the Opinion and Award by Deputy Commissioner Lorrie L. Dollar.
This the ___ day of April 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/ DIANNE C. SELLERS COMMISSIONER
LKM/mhb